

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP - 2 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ARTURO ESTRADA GONZALEZ, §
§
                    Petitioner, §
§
v. §        No. 4:15-CV-432-A
§
LORIE DAVIS, Director,[1] §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
                    Respondent. §

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 filed by petitioner, Arturo Estrada Gonzalez, a

state prisoner incarcerated in the Correctional Institutions

Division of the Texas Department of Criminal Justice (TDCJ),

against Lorie Davis, Director of TDCJ. After having considered

the pleadings, state court records, and relief sought by

petitioner, the Court has concluded that the petition should be

dismissed as time-barred.

### I.  Factual and Procedural History

On June 4, 2012, in the Criminal District Court Number One

---

[1] Effective May 4, 2016, Lorie Davis replaced William Stephens as
director of the Correctional Institutions Division of the Texas Department of
Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is
automatically substituted as the party of record.

of Tarrant County, Texas, Case Nos. 1267030D and 1270043D,

petitioner waived his right to a jury trial, pleaded guilty to

felony driving while intoxicated (DWI) and causing an accident

involving injury and was sentenced to 20 years' confinement in

each case.   (SHR, WR-81,561-01 at 86-90; SHR, WR-81,561-02 at 66-

71) Petitioner did not directly appeal his convictions or

sentences. Pet. at 3. On June 7, 2012, petitioner filed a motion

to withdraw his plea in each case. The trial court denied the

motions on June 8, 2012. SHR, WR-81,561-01 at 102; SHR, WR-

81,561-02 at 82. Finally, on May 8, 2014, petitioner filed two

state habeas applications challenging his convictions and

sentences, which were denied by the Texas Court of Criminal

Appeals on June 25, 2014, without written order on the findings

of the trial court.[2] Adm. R. 18, ECF No. 10. Petitioner initially

filed this federal petition for habeas relief on December 30,

2014, but it was dismissed for want of prosecution on February

24, 2015.[3] He refiled the petition on April 9, 2015. Pet. at 10.

---

[2]An inmate's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's applications do not indicate that he mailed the documents via the prison mailing system or the date he placed the documents in the prison mailing system. Thus, he is not given the benefit of the prison mailbox rule.

[3]Likewise, an inmate's federal habeas petition mailed via the prison mailing sytsem is deemed filed when the document is placed in the prison mail system for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

Generally, petitioner raises the following grounds for relief:

(1)   He was denied his constitutional rights because the trial court did not have jurisdiction over his case(s);

(2)   He was denied his right to appeal his sentence(s);

(3)   He received ineffective assistance of counsel;

(4)   He was denied competent trial counsel;

(5)   His pleas were involuntary;

(6)   There was insufficient evidence;

(7)   He was subjected to cruel and unusual punishment; and

(8)   The indictment was defective.

Pet'r's Mem. at 2-6.

## II.   Statute of Limitations

Respondent contends the petition is untimely. Resp't's Prel. Answer at 4-7. Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

(1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

(C)   the date on which the constitutional
right asserted was initially recognized by the
Supreme Court, if that right has been newly
recognized by the Supreme Court and made
retroactively applicable to cases on collateral
review; or

(D)   the date on which the factual predicate
of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2)   The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the pertinent
judgment or claim is pending shall not be counted
toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because petitioner's claims involve matters relevant to his

plea proceedings, subsection (A) applies to his case. Under

subsection (A), the limitations period began to run on the date

on which the judgments of conviction became final by the

expiration of the time for seeking direct review. For purposes of

this provision, the judgments of conviction became final and the

one-year limitations period began to run upon expiration of the

time petitioner had for filing a timely notice of appeal on

Thursday, July 5, 2012, and closed one year later on July 5,

2013, absent any applicable tolling.[4] *See* TEX. R. APP. P. 26.2;

*Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

---

[4]July 4, 2012, was a legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

4

Under § 2244(d)(2), the limitations period was tolled 2 days during the pendency of petitioner's motions to withdraw his pleas, making his federal petition due on or before Monday, July 8, 2013.[5] *See Gallow v. Cooper,* 301 Fed. App'x 342, 345, 2008 WL 5129609, at *2 (5th Cir. Dec. 8, 2008) (holding a motion to withdraw guilty plea filed after sentencing can be considered properly filed as post-conviction motion and can commence tolling the one-year statute of limitations on the date filed). However, his state habeas applications filed on May 8, 2014, after limitations had already expired did not operate to further toll the limitations period under the statute. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).

Nor has petitioner alleged or demonstrated rare and exceptional circumstances that would justify tolling as a matter of equity. For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition. *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Petitioner acknowledges that his federal petition

---

[5]July 7, 2013, was a Sunday. Fed. R. Civ. P. 6(a)(1)(C).

was filed after the due date but attributes his delay to his illiteracy and lack of legal assistance. Pet'r's Prel. Answer at 6.[6] These are common problems however for inmates who are trying to pursue postconviction relief and do not warrant equitable tolling. *See Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 391-92 (5th Cir. 1999). There is no evidence in the record that petitioner was prevented in some extraordinary way from asserting his rights in state or federal court or that he pursued his rights with "reasonable diligence." *Holland,* 130 S. Ct. at 2565 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996)). "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Therefore, petitioner's federal petition was due on or before July 8, 2013. His petition, filed on April 9, 2015, is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. The court further ORDERS that a

---

[6]This document is not paginated, thus the pagination in the ECF header is used.

certificate of appealability be, and is hereby, denied.

SIGNED September ____, 2016.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE